**BACKENROTH, FRANKEL & KRINSKY, LLP**
489 5th Avenue
New York, New York 10017
(212) 593-1100
Counsel to the Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| Madison Hotel Owners, LLC, | Case No. 11-12334 |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| Madison Hotel, LLC, | Case No. 11-12560 |
| Debtor. | |

------------------------------------------------------------x

## JOINT PLAN OF REORGANIZATION

**These cases have not been substantively consolidated and the Plan is comprised of two plans; i.e, separate plans for each Debtor. Confirmation of each plan is contingent upon confirmation of both Plans.**

# INTRODUCTION

Madison Hotel, LLC ("Hotel") and Madison Hotel Owners, LLC ("Owners," collectively with Hotel, the "Debtors"), propose this Plan of Reorganization for each of the Debtors. **UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG EACH OF THE DEBTORS, EACH OF THE DEBTORS' CREDITORS, AND THE INTEREST HOLDERS (AS ALL SUCH TERMS ARE DEFINED BELOW)**.

# ARTICLE 1

## DEFINITIONS

As used in this Plan, the following terms will have the meanings hereinafter set forth:

1.1 **"Administrative Expense"** Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtors' Estate under Chapter 123, Title 28, United States Code.

1.2 **"Administrative Expense Claim"** A claim for payment of an Administrative Expense.

1.3     **_Allowance Date_** shall mean the date which a Disputed Claim becomes an

Allowed Claim by Final Order.


1.4     **_Allowed Claim_** shall mean a Claim: (a) to the extent that a Proof of Claim is

filed timely or, with leave of the Court late filed as to which (i) no party in interest files an

objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtors'

schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or

contingent.


1.5     **_Allowed Secured Claim_** shall mean an Allowed Claim for which a Claimant

asserts and is determined by a Final Order to hold a valid, perfected and enforceable Lien,

security interest or other interest or encumbrance in property in which the Debtors have an

interest not subject to avoidance or subordination under the Bankruptcy Code or applicable non-

bankruptcy law, or an Allowed Claim for which a Claimant asserts a setoff under Section 553 of

the Bankruptcy Code and such Claim is allowed by Final Order, but in any event only to the

extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the

Claimant's interest in the Debtors' interest in the property or to the extent of the amount subject

to such setoff, as the case may be.


1.6     **_Allowed Unsecured Claim_** shall mean an Unsecured Claim to the extent same

is allowed.

1.7     **"Bankruptcy Case"** shall mean these Chapter 11 bankruptcy cases of the Debtors.

1.8     **"Bankruptcy Code"** shall mean Title 11 of the United States Code (11. U.S.C. § 101 et. seq.), as in effect on the Petition Date and as amended during the Bankruptcy Case.

1.9     **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the Southern District of New York.

1.10     **"Cash"** shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

1.11     **"Claim"** shall mean a right to payment as set forth in § 101(5) of the Bankruptcy Code.

1.12     **"Claimant"** shall mean the holder of a Claim.

1.13     **"Confirmation Date"** shall mean the date of the entry of the Confirmation Order.

1.14     **"Confirmation Hearing"** shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the Plan.

1.15    **"Confirmation Order"** shall mean the order of the Court confirming the Plan.

1.16    **"Court"** shall mean the United States Bankruptcy Court for the Southern District of New York.

1.17    **"Creditor"** shall mean any entity that holds a claim against a Debtor.

1.18    **"Debtors"** shall mean Madison Hotel, LLC and Madison Hotel Owners, LLC.

1.19    **"Disputed Claim"** shall mean the whole or any portion of any claim against a Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

1.20    **"Effective Date"** shall mean 10 days after the Confirmation Order is a Final Order, or such earlier date or later date as may be practical, but in no event later than 45 days after the Confirmation Order is a Final Order.

1.21    **"Estate"** shall mean the estate of a Debtor created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

1.22    **"Executory Contracts"** shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

1.23    **<u>"Final Order"</u>** shall mean an order of the Court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

1.24    **<u>"Hotel"</u>** shall mean Madison Hotel, LLC.

1.25    **<u>"Interest"</u>** shall mean an existing ownership interest in a Debtor.

1.26    **<u>"Interest Holder"</u>** shall mean a holder and owner of an existing Interest in a Debtor.

1.27    **<u>"Legal Rate</u>"** shall mean the applicable interest rate as set forth in 28 U.S.C. §1961 as of the Petition Date.

1.28    **<u>"Lien"</u>** shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

1.29    **<u>"Owner"</u>** shall mean Madison Hotel Owners, LLC.

1.30    **<u>"Petition Date"</u>** shall mean May 16, 2011 in the case of Owner and May 26, 2011 in the case of Hotel.

1.31    **"Plan"** shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

1.32    **"Property"** shall mean the real property located at 62 Madison Avenue, New York, New York.

1.33    **"Secured Claim"** shall mean a Claim secured by a Lien on property included within a Debtor's Estate.

1.34    **"Secured Creditor"** shall mean the owner or holder of a Secured Claim.

1.35    **"Unsecured Claim"** shall mean a claim for which the Claimant does not hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or encumbrance against property of a Debtor or a Debtor's Estate; (b) a right to setoff to secure the payment of such Claim.  An Unsecured Claim  includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include administrative of priority claims.

1.36    **"Unsecured Creditor"** shall mean the owner or holder of an Unsecured Claim.

**ARTICLE 2**

**CLASSIFICATION AND TREATMENT OF CLAIMS**

**Owners Class 1: Nomad Mezz Lending, LLC Secured Claim**

2.1     **Classification** – Claim held by Nomad Mezz Lending LLC secured by the Debtor's membership interest in Hotel.

2.2     **Treatment** – Payment in full in Cash on the Effective Date with interest at the contract rate.

2.3     **Voting** –   Unimpaired and deemed to have accepted the Plan.

**Owner Class 2: Priority Claims**

2.4     **Classification** –   Allowed Priority Claims under Sections 507(a)(2), (3), (4), (5), (6), (7) and (8) of the Bankruptcy Code.

2.5     **Treatment** – Payment in full in cash on the Effective Date with interest at the statutory rate.

2.6     **Voting** –   Unimpaired and deemed to have accepted the Plan.

**Owner Class 3: General Unsecured Claims**

2.7     **Classification** – Allowed Unsecured Claims.

2.8     **Treatment**  – 25% of the allowed amount of such Claims shall be paid in cash on the Effective Date, 25% shall be paid on the 6 month anniversary of the Effective Date, 25% shall be paid on the 1 year anniversary of the Effective Date, and 25% shall be paid on the 18 month anniversary of the Effective Date.  The amount due shall accrue interest at the Legal Rate from the Petition Date through the final payment.   Payment shall be jointly and severally due by Owner and Hotel.

2.9     **Voting** –  Impaired and entitled to vote accept or reject the Plan.

**Owner Class 4: Convenience Class**

2.10     **Classification** – . Unsecured Claims totaling less than $1,500.

2.11     **Treatment**  – Payment in full in cash plus interest at the Legal Rate on the Effective Date.

2.12     **Treatment**  –  Unimpaired and deemed to have accepted the Plan.

### Owner Class 5: Equity Interests

2.13     **Classification** – Interest Holders.

2.14     **Treatment** – Entitled to maintain ownership of Interests in exchange for advancing sufficient funds to pay the Effective Date amounts due under the Plan, plus such amounts as may be necessary to ensure payment of post-Effective Date amounts.

2.15     **Voting** – Impaired and entitled to vote accept or reject the Plan.

### Hotel Class 1: New York City Lien Charges

2.16     **Classification** – Real estate tax, water, sewer and other lien charges held by the City of New York which is constitute first liens on the Property.

2.17     **Treatment** – Payment in full in cash with interest at the statutory rate.

2.18     **Voting** – Unimpaired and deemed to have accepted the Plan.

**Hotel Class 2: 62 Madison Lender, LLC**

     2.19    **Classification** – First mortgage on the Property.

     2.20    **Treatment** – Monthly interest payments on the Allowed Amount of the Claim at an annual interest rate of 5.5% for 60 months, plus monthly amortization payments based upon a 30 year amortization schedule.  Outstanding principal amount due at maturity, subject to a 60 sixty month renewal at then prevailing market rates.  Documentation shall be pursuant to standard recordable forms.

     2.21    **Voting** –  Impaired and entitled to vote to accept or reject the Plan.

**Hotel Class 3: Priority Claims**

     2.22    **Classification** – Claims under Sections 507(a)(2), (3), (4), (5), (6), (7) and (8) of the Bankruptcy Code.

     2.23    **Treatment**  – Payment in full in cash plus interest at the Statutory Rate on the Effective Date.

     2.24    **Voting** –  Unimpaired and deemed to have accepted the Plan.

**Hotel Class 4: General Unsecured Creditors**

2.25    **Classification** – Allowed Unsecured Claims.

2.26    **Treatment** – 25% of the allowed amount of such Claims shall be paid in cash on the Effective Date, 25% shall be paid on the 6 month anniversary of the Effective Date, 25% shall be paid on the 1 year anniversary of the Effective Date, and 25% shall be paid on the 18 month anniversary of the Effective Date.  The amount due shall accrue interest at the Legal Rate from the Petition Date through the final payment.   Payment shall be jointly and severally due by Owner and Hotel.

2.27    **Voting** – Impaired and entitled to vote accept or reject the Plan.

**Hotel Class 5: Convenience Class**

2.28    **Classification** – Unsecured Claims totaling less than $1,500.

2.29    **Treatment** -- Payment in full in cash plus interest at the Legal Rate on the Effective Date.

2.30    **Voting** – Unimpaired and deemed to have accepted the Plan..

**Hotel Class 6: Equity Interests**

2.31     **Classification** – Class 6 consists of Owner, Hotel's Interest Holder.

2.32     **Treatment** -- Entitled to maintain ownership of Interests in exchange for advancing sufficient funds to pay the Effective Date amounts due under the Plan, plus such amounts as may be necessary to ensure payment of post-Effective Date amounts.

2.33     **Voting** – Impaired and entitled to vote accept or reject the Plan.

# ARTICLE 3

## ADMINISTRATIVE EXPENSES

3.1     Allowed Administrative Expenses shall be paid in full in Cash on the Effective Date, or the date such Administrative Expense becomes Allowed, except to the extent that the holder of an Allowed Administrative Expense agrees to a different treatment; provided however, that Allowed Administrative Expenses representing obligations incurred in the ordinary course of business or assumed by the Debtors shall be Paid in full or performed by the Debtors in the ordinary course of business or pursuant to the terms and conditions of the particular transaction. United States Trustee fees will be paid, and operating reports will be filed as they come due by the Debtors and any then outstanding U.S. Trustee fees shall be paid in full in Cash on the Effective Date.

# ARTICLE 4

## MEANS FOR IMPLEMENTATION OF THE PLAN

4.1     The Debtors intend to fund the Plan through cash on hand held by the receiver of the Property, operating revenue generated by the operations of Hotel and by additional amounts to be advanced by Owner and its members.  Monthly operating projections for Hotel are set forth on Exhibit C to the Disclosure Statement.  The Debtors shall be the disbursing agent under the Plan.  The Debtors shall also be the responsible party for filing post-confirmation reports.

# ARTICLE 5

**5**

## PROVISIONS FOR THE RETENTION, ENFORCEMENT AND SETTLEMENT OF CLAIMS BELONGING TO THE DEBTOR OR THE DEBTORS' ESTATE

5.1     All rights pursuant to Sections 502, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to Section 547 of the Bankruptcy Code, all fraudulent transfer claim pursuant to Section 548 of the Bankruptcy Code, and all claims relating to post-petition transactions under Section 549 of the Bankruptcy Code are preserved as of the Effective Date.

# ARTICLE 6

6

## PROVISIONS FOR THE RESOLUTION OF DISPUTED
## CLAIMS AND OBJECTIONS TO PROOFS OF CLAIM

6.1 **Objections to Claims**.  The Debtors may object to and contest the allowance of any Claims for a period of 60 days after the Effective Date.

# ARTICLE 7

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.1 **Assumption**. All unexpired leases and executory contracts not rejected prior to the Effective Date shall be assumed under the Plan.

7.2 **Claims Upon Rejection**.  In the event of a rejection of any Executory Contract which results in damage to the other party or parties to the Executory Contract, a Proof of Claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the Effective Date.  All Allowed Claims arising from the rejection of any Executory Contract shall be treated as an Unsecured Claim.

7.3    **Failure to File**.  Any Claim arising from the rejection of any Executory Contract not filed with the Court within the time period provided in the preceding paragraph above shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## ARTICLE 8

## RETENTION OF JURISDICTION

8.1    **Retention of Jurisdiction**.  The Court shall have jurisdiction over all matters arising under, arising in, or relating to the Debtors' Bankruptcy Cases including, but not limited to, proceedings:

8.1.1    To consider any modification of the Plan under section 1127 of the Bankruptcy Code;

8.1.2    To hear and determine all Claims, controversies, suits and disputes against the Debtors to the full extent permitted under 18 U.S.C. §1334 and 28 U.S.C. §157.

8.1.3    To hear, determine and enforce all Claims  and causes of action which may exist on behalf of the Debtors or the Debtors' estate, including, but not limited to, any right of the Debtors or the Debtors' Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

8.1.4    To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

8.1.5    To value assets of the Estate.

8.1.6    To enforce the Confirmation Order, the final decree, and all injunctions therein;

8.1.7    To enter an order concluding and terminating the Bankruptcy Case;

8.1.8    To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

8.1.9    To determine all questions and disputes regarding title to the assets of the Debtors.

8.1.10   To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

# ARTICLE 9

## GENERAL PROVISIONS

9.1     **Headings**.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

9.2     **No Payment of Disputed Claims**.  This Plan contemplates the payment of Allowed Claims only.  No Disputed Claims shall be paid, nor shall distributions be made to a creditor holding a Disputed Claim, until such Claim, or any part thereof, becomes an Allowed Claim, if ever.

9.3     **Calculation of Time Periods**.  Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

9.4     **Other Actions**.  Nothing contained herein shall prevent the Debtors, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

# ARTICLE 10

## MODIFICATIONS

      10.1    **Modification of Plan.**  The Debtors may seek amendments or modifications to the Plan in accordance with section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date.  After the Confirmation Date, the Debtors may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

# ARTICLE 11

## INJUNCTION, DISCHARGE AND PROPERTY OF THE ESTATE

      11.1    **Discharge**.  The confirmation of this Plan shall discharge the Debtors from any Claim that accrued or arose on or before the Confirmation Date pursuant to 11 U.S.C. §1141(d)(1).

      11.2    **Third Party Releases**.  As of the Effective Date, in consideration for the value provided to effectuate the plan, to the fullest extent permissible under law, the Holders of Claims release and forever waive and discharge as against the Debtors, each of their respective affiliates, parent companies and subsidiaries, members, partners, successors, heirs, assigns, representatives and their managing members solely in their capacity as managing members, including without limitation BenZion Suky and Joseph BenMoha ,all actions, costs, claims, causes of action,

19

damages, demands debts, expenses (including attorneys fees), judgments, losses (including any

claims for contribution or indemnification), liabilities, obligations, rights or suits, whether

matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter

arising, in law, equity or otherwise that are based in whole or part on any act, omission,

transaction, event or other occurrence taking place on or prior to the Effective Date

relating in any way to the Debtors or the Chapter 11 Cases; provided, that the foregoing shall not

constitute a waiver or release of any right of the Holder of an Allowed Claim or any

of the rights of any parties in respect of liabilities assumed by the Reorganized Debtors under this

Plan, the releases set forth in this paragraph shall be binding upon and shall inure to the benefit

of the Reorganized Debtors.

11.3    **Injunction**.  The confirmation of this Plan shall constitute an injunction of the

Court against the commencement or continuation of any action, the employment of process, or

any act, to collect, recover or offset from the Debtors or their respective property or properties,

any obligation or debt except pursuant to the terms of the Plan.

11.4 **Vesting of Property**.  Except as otherwise provided in the Plan, on the Effective

Date title to all of the Debtors' assets shall pass to the Debtors or their designee free and clear of

all Claims and Interests, in accordance with Section 1141 of the Bankruptcy Code.

# ARTICLE 12

## CLOSING THE CASE

12.1    Upon substantial consummation, the Debtors may move for a final decree to close

the Bankruptcy Case and to request such other orders as may be just.


Dated:  New York, New York
        July 29, 2011

                                        **Madison Hotel Owners, LLC**

                                        By:  s/Benzion Suky, as Managing Member of 62
                                        Madison Partners LLC, the Debtor's Manager
                                                        -and-
                                        By:  s/Josef Ben Moha, as Managing Member of 62
                                        Madison Partners LLC, the Debtor's Manager

                                        **Madison Hotel, LLC**

                                        By: s/Benzion Suky, as Managing Member of 62
                                        Madison Partners LLC, Managing Member of
                                        Madison Hotel Owners, LLC, the Debtor's
                                        Managing Member
                                                        -and-
                                        By: s/Josef Ben Moha, as Managing Member of 62
                                        Madison Partners LLC, Managing Member of
                                        Madison Hotel Owners, LLC, the Debtor's
                                        Managing Member


                                        **BACKENROTH FRANKEL & KRINSKY, LLP**
                                        Attorneys for the Debtors

                                        By:____s/Mark Frankel_____
                                             489 Fifth Avenue
                                             New York, New York 10017
                                             (212) 593-1100