UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                           Chapter 11

    Madison Hotel, LLC,                     Case No. 11-12560

                 Debtor.
------------------------------------------------------------x

## CONSENT ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION, AND CONTINUING RECEIVER IN POSSESSION

THIS STIPULATION AND AGREED ORDER (this "**Order**") is made as of the 17th day of August, 2011, between and among Madison Hotel LLC (the "**Debtor**"), 62 Madison Lender, LLC ("**62 Madison**"), and Margaret Mayo (the "**Receiver**").

### BACKGROUND:

WHEREAS, the Debtor filed a voluntary petition for relief under Title 11 of the United States Code (the "**Bankruptcy Code**") on May 26, 2011 (the "**Petition Date**");

WHEREAS, 62 Madison asserts that prior to the Petition Date, the Debtor and Textron Financial Corporation ("**Textron**") entered into a loan arrangement which is evidenced by certain documents, instruments, and agreements, including among other things, the following (together with all documents, instruments, and agreements executed in connection therewith, or related thereto, as well as all subsequent amendments, collectively, the "**Loan Documents**"): (i) Building Loan Agreement dated August 28, 2008, (ii) Building Loan Note dated August 28, 2008, (iii) Building Loan Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of August 28, 2008, which was recorded against the real property located at 62 Madison Avenue, New York, New York (the "**Property**"), (iv) Project Loan Agreement dated August 28, 2008, (v) Project Loan Note dated August 28, 2008, and (vi) Project Loan

Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of August 28, 2008, which was recorded against the Property;

WHEREAS, on February 16, 2010, Textron filed a Verified Complaint for Foreclosure of Mortgage against the Debtor in the Supreme Court of the State of New York, Index No. 600385/10 seeking, among other relief, a judgment of foreclosure and the appointment of a receiver (the "**Foreclosure Litigation**");

WHEREAS, in the Foreclosure Litigation, Margaret H. Mayo (the "**Receiver**") was appointed to be the receiver over the Property in accordance with the terms and provisions of the Amended Order Appointing Temporary Receiver dated March 10, 2010 (the "**Receivership Order**");

WHEREAS, in the Foreclosure Litigation, by an Order dated June 4, 2010 (the "**Professionals Order**"), Dean K. Fong ("**Receiver's Counsel**") was appointed as attorney for the Receiver, Kenneth R. Ballard and Alexander Soric were appointed as labor attorneys for the Receiver (collectively, "**Receiver's Labor Counsel**"), and Ronald P. Bellantonio was appointed as accountant for the attorney ("**Receiver's Accountant**", together with Receiver's Counsel and Receiver's Labor Counsel, the "**Receiver's Professionals**");

WHEREAS, on or about April 5, 2010, Textron transferred and assigned to 62 Madison all of its right, title, and interest in and to the Loan Documents, all related documents and all rights in connection therewith;

WHEREAS, notwithstanding the Debtor's bankruptcy filing, the Debtor and 62 Madison agree that the Receiver should remain in place and continue with her obligations and responsibilities at the Property as provided in the Receivership Order, that the Receiver's

2

Professionals should continue to assist the Receiver with those responsibilities in their respective capacities, and the Receiver has agreed to continue serving in that role;

WHEREAS, notwithstanding the continued role of the Receiver, 62 Madison asserts that the obligations and liabilities of the Debtor to 62 Madison pursuant to the Loan Documents (the "**Pre-Petition Indebtedness**") are secured by first and second mortgages against the Property and a senior security interest in all rents, income, receipts, revenues, issues and profits generated by the Property (collectively, the "**Collateral**"), as set forth in the Loan Documents;

WHEREAS, 62 Madison asserts that all of the Debtor's cash and available funds constitute 62 Madison's cash Collateral; and

WHEREAS, subject to the terms and conditions of this Order, 62 Madison is willing to permit the Receiver to use 62 Madison's cash and non-cash Collateral solely for the purposes set forth in this Order.

NOW, THEREFORE, subject to Bankruptcy Court approval of this Order, it is hereby stipulated and agreed by and between the Debtor and 62 Madison as follows:

1. AUTHORITY AND COMPENSATION OF THE RECEIVER AND THE RECEIVER'S PROFESSIONALS.

    (a) The Receiver shall continue to operate the Property and otherwise perform all of her obligations in accordance with the terms and conditions of the Receivership Order;

    (b) The Receiver is excused from compliance with 11 U.S.C. § 543(a) and (b)(1) as of the Petition Date pending further order of the Bankruptcy Court;

    (c) The Receiver shall assist the Debtor in preparing the monthly operating reports for the prior month to be filed by the Debtor on or before the fifteenth day of each month with the Bankruptcy Court substantially in the form designated by the UST for real estate entities, together with copies of the bank statements arising from the operation of the Property for such prior month. The Debtor shall provide copies of such operating reports to counsel for 62 Madison, the UST, and the Receiver within one business day of their being filed;

(d) In accordance with the terms of the Receivership Order and New York state law, the Receiver shall be compensated for her services prior to and after the Petition Date by being awarded commissions on all monies received and disbursed by her from November 1, 2010 until such time as she is discharged as Receiver;

(e) The Receiver's Professionals, and any additional professionals the Receiver may be authorized to retain by the state court in the Foreclosure Litigation after the date of this Consent Order, are and shall be deemed retained as professionals in the Foreclosure Litigation and no further order of retention will be required by the Bankruptcy Court. All such professionals shall be compensated for their services prior to and after the Petition Date in accordance with the terms of the Professionals Order and state law; and

(f) The Receiver shall make application before the state court judge in the Foreclosure Litigation for authorization to make any expenditures outside the ordinary course of business for the maintenance and upkeep of the Property. So long as notice of all such applications is provided to the Debtor and 62 Madison, no further application for such relief need be brought in the Bankruptcy Court and the automatic stay is hereby modified to permit such application in the Foreclosure Litigation. All payments under this paragraph shall be reflected as expenses in the monthly operating reports in a transparent manner following consultation with the United States Trustee ("**UST**").

2. PRE-PETITION INDEBTEDNESS. 62 Madison asserts that the Pre-Petition Indebtedness includes the following amounts (collectively hereinafter the "**Claim**"):

   (a) $16,432,296.33 in aggregate principal outstanding under both the Building Loan Note and the Project Loan Note, $4,798,370.81 in aggregate interest, $200,870.94 in aggregate late fees of, $332,850.78 in aggregate prepayment premiums, plus protective advances of $210,242.42 under the Building Loan Note, all as of the Petition Date, and all other fees, costs, charges, expenses, and costs of collection (including without limitation reasonable attorneys' fees) that had accrued as of the Petition Date and that are due under the Loan Documents; and

   (b) Such other interest accruing from and after the Petition Date under the Loan Documents, and all fees, costs, expenses, and costs of collection (including without limitation reasonable attorneys' fees) as set forth in the Loan Documents heretofore or hereafter incurred by 62 Madison in connection therewith, to the extent allowable pursuant to § 506(b) the Bankruptcy Code.

Solely for the purpose of this Stipulation and without prejudice to the right of the Debtor, the UST, or any other party with requisite standing to object to or challenge the Claim, the Debtor and 62 Madison stipulate and agree that the Claim is secured and should constitute an allowed secured claim to the extent provided for under the Bankruptcy Code.

4

3. USE OF CASH COLLATERAL.

   (a) The Receiver may use 62 Madison's cash and non-cash Collateral to pay the operating expenses of the Property and the MAve Hotel located on the Property, the Receiver's commissions, and her professionals' compensation, subject to the terms and conditions of this Order and the Receivership Order;

   (b) In light of the role being by undertaken by the Receiver in this case, the Debtor has no authority to use, and is not permitted to use, 62 Madison's cash and non-cash Collateral.

4. ADEQUATE PROTECTION. In consideration of and as adequate protection for any diminution in the value of 62 Madison's cash and non-cash Collateral:

   (a) To the extent of any diminution in the value of its cash and non-cash Collateral, 62 Madison is hereby granted a post-petition, replacement security interest in and upon all of the post-petition proceeds and other assets generated by the Property to the extent, validity, and priority held by 62 Madison in assets of the same type or form of assets on the Petition Date (the "**Adequate Protection Liens**"). The Adequate Protection Liens granted to 62 Madison herein may not be primed by any other lien or encumbrance, except by order of the Bankruptcy Court. The Adequate Protection Liens shall be deemed valid and perfected notwithstanding the requirements of non-bankruptcy law with respect to perfection, and although not required of 62 Madison, the automatic stay imposed by § 362 of the Bankruptcy Code is hereby modified to the extent necessary for 62 Madison to perfect the security interest granted herein. The Adequate Protection Liens shall be supplemental of, and in addition to, the security interest that 62 Madison possesses pursuant to the Loan Documents and the provisions of § 552(b)(2) of the Bankruptcy Code. Notwithstanding anything contained herein, the Adequate Protection Liens shall not cover any cause of action or proceeds thereof recovered pursuant to Chapter 5 of the Bankruptcy Code;

   (b) To the extent of any diminution in the value of 62 Madison's cash and non-cash Collateral, the Adequate Protection Liens shall continue in full force and effect until the Claim is paid in full or until a further order of the Bankruptcy Court finds that 62 Madison does not hold an allowed secured claim;

   (c) Nothing contained in this Order shall be deemed to be the consent by 62 Madison, whether express or implied, to any claims against the Collateral or the assets subject to the Adequate Protection Liens under § 506(c) of the Bankruptcy Code;

   (d) 62 Madison shall have a claim pursuant to §§ 503(b) and 507(b) of the Bankruptcy Code to the extent that the use of 62 Madison's cash Collateral results in diminution of 62 Madison's interest in cash Collateral as of the Petition Date in excess of the value of the Adequate Protection Liens;

   (e) In addition to the foregoing, retroactive to June 1, 2011 and on or before the first day of each subsequent month, the Receiver shall be authorized and directed to

make monthly adequate protection payments to 62 Madison in the amount of $164,322.96, subject to the condition that in the event that the Receiver within her sole discretion, after considering the total amount of cash on hand at the Property and consulting with 62 Madison, determines that such adequate protection payments would render it difficult or impossible for her to continue to pay the operating expenses of the Property and the MAve Hotel located on the Property, then she may reduce said payments to such amount as she deems necessary and prudent. The agreement as to the amount of these adequate protection payments is not intended to be, and should not be interpreted as, an admission by the Debtor, 62 Madison, or any other party as to the amount of the Claim or any component thereof. In this regard, 62 Madison expressly reserves the right to pursue the recovery of the full amount of its Claim as expressed in paragraph 2, above, and the Debtor reserves any right it may have to object to the Claim. Moreover, by entering into this agreement 62 Madison does not admit or acknowledge that these payments provide adequate protection as a matter of law and 62 Madison reserves it rights to assert claims under § 507(b) of the Bankruptcy Code or otherwise; and

(f) Upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Receiver and the Debtor shall grant to 62 Madison access to the Debtor's business records and premises for review and inspection. The Receiver and the Debtor shall furnish to 62 Madison such additional financial and other information as 62 Madison shall reasonably request. With respect to access to the Property, the Receiver may require that the Debtor, 62 Madison, and/or their servants, agents and employees, execute a release and waiver of liability prior to the entry upon the Property.

5. TERMINATION.

(a) The Receiver's right to use 62 Madison's cash and non-cash Collateral shall terminate ("**Termination**") upon the earliest of:

(i) The Receiver receiving notice of the entry of an Order of the Bankruptcy Court directing the Receiver to cease using 62 Madison's cash and non-cash collateral; or

(ii) The Receiver receiving notice of the appointment of a Trustee for the Debtor pursuant to § 1104 of the Bankruptcy Code.

(b) Upon a Termination, the authority of the Receiver and any Chapter 7 Trustee to use 62 Madison's cash and non-cash Collateral shall immediately end, and the Receiver and the Trustee shall cause all funds in their possession and received thereafter to be deposited in a segregated account.

6. AUTOMATIC STAY. To the extent needed, the Automatic Stay is hereby modified to permit 62 Madison, the Receiver, and the Debtor to carry out the terms and conditions of this Order.

7. MODIFICATION. 62 Madison, the Receiver, and the Debtor may agree to nonmaterial modifications or amendments to this Order without further order of the Bankruptcy Court.

Dated: New York, New York
August 17, 2011

          **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge


AGREED AND CONSENTED TO:

Madison Hotel, LLC, by its Attorneys
Backenroth Frankel & Krinsky, LLP


By: */s/Mark Frankel*
     489 Fifth Avenue
     New York, New York 10017
     (212) 593-1100

62 Madison Lender LLC, by its
Attorneys, Riemer & Braunstein, LLP


By: */s/Jeffrey D. Ganz*
     7 Times Sq # 2506
     New York, New York 10036-6546
     (212) 789-3100

Margaret H. Mayo, as Receiver

By: */s/ Margaret H. Mayo*

Proposed Counsel to the Receiver:

By: */s/ Sarah M. Keenan*
     Sarah M. Keenan, Esq.
     Sferrazza & Keenan, PLLC
     532 Broad Hollow Road
     Suite 111
     Melville, NY 11747