**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re

MADISON HOTEL, LLC,

                Debtor.
----------------------------------------------------------x
In re

MADISON HOTEL OWNERS, LLC,

                Debtor.
----------------------------------------------------------x

Chapter 11
Case No. 11-12560 (MG)

Chapter 11
Case No. 11-12334 (MG)

**ORDER (I) SCHEDULING HEARING TO CONSIDER APPROVAL OF
DISCLOSURE STATEMENT, (II) ESTABLISHING NOTICE AND
SERVICE PROCEDURES IN CONNECTION THEREWITH, AND
(III) FIXING OBJECTION DEADLINES RELATED THERETO**

      Upon the Proposed Disclosure Statement, dated April 16, 2012 (the "Disclosure Statement") and the "Proposed Joint Plan of Reorganization for Madison Hotel, LLC and Madison Hotel Owners, LLC", dated April 16, 2012 (the "Plan"), filed by 62 Madison Lender, LLC and Nomad Mezz Lending, LLC (the "Plan Proponents"); and after due deliberation and sufficient cause appearing therefor; it is hereby

      DETERMINED that pursuant to Rules 2002 and 3017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), notice of the hearing to consider approval of the Disclosure Statement (the "DS Hearing") given in the manner required by this Order is reasonably calculated, under all the circumstances presented herein, to apprise each of the appropriate parties in interest of the Disclosure Statement Hearing and all matters to be addressed thereat and, accordingly, no other or further notice of the DS Hearing is necessary or required; and it is therefore

      ORDERED that pursuant to section 1125 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017, the Disclosure Statement Hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York, on **May 24, 2012 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, to consider the issuance and entry of an order (the "Disclosure

Statement Approval Order"), *inter alia*:

    a. Finding that the information contained in the Disclosure Statement is "adequate information", as such term is defined under Section 1125(a)(1) of the Bankruptcy Code;

    b. Approving the Disclosure Statement;

    c. Authorizing the Plan Proponents, pursuant to Section 1125(b) of the Bankruptcy Code, to transmit copies of the Disclosure Statement (including any exhibits annexed thereto) and related documents to all known holders of claims against and interests in the Debtors and to solicit acceptances of the Plan from the holders of certain impaired claims against the Debtors;

    d. Fixing a date by which all acceptances or rejections of the Plan must be received in order for them to be counted in the determination of whether the Plan has been accepted in accordance with Section 1126 of the Bankruptcy Code;

    e. Determining that, except as otherwise provided by Court order, each claim that has been timely filed against the Debtors that is <u>not</u> the subject of an objection by the Debtors, the Committee, or other party in interest, shall be allowed, solely for the purpose of voting on the Plan, in the amount in which such claim has been filed;

    f. Determining that, except as otherwise provided by Court order, a creditor holding a claim listed on the Debtors' schedules of assets and liabilities as contingent, unliquidated or disputed, which has not been superseded by a timely filed proof of claim, shall not be entitled to vote on the Plan;

    g. Determining that a creditor holding a disputed claim with respect to which the Debtors or any other party in interest has filed an objection to all or part of such claim, which has not been withdrawn or resolved by final order, shall not be entitled to vote on the Plan;

    h. Determining that any creditor or holder of an equity interest which is to receive no distribution under the Plan on account of its allowed equity interest, is deemed to have rejected the Plan and, therefore, is not entitled to vote on the Plan;

    i. Determining that a vote of any creditor may be discarded if the Court determines that such vote was not solicited or procured in good faith and in accordance with the Bankruptcy Code;

    j. Scheduling a hearing to consider confirmation of the Plan;

    k. Fixing a date by which objections, if any, to confirmation of the Plan shall be filed with the Court and served upon counsel for the Plan Proponents and the Debtors, among others; and

    l. Granting such other and further relief as the Court may deem just and proper;

and it is further

ORDERED that pursuant to Bankruptcy Rules 2002(b) and 3017, **May 17, 2012, 2012 at 12:00 p.m. (EST)** is hereby fixed as the last day on or by which all written objections, if any, to approval of the Disclosure Statement, setting forth with particularity the basis therefor, shall be filed with the Court (with a courtesy copy to the Honorable Martin Glenn, in his Chambers) and served upon (i) counsel for the Plan Proponents, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036 (Attn: Jeffrey D. Ganz, Esq. and Steven E. Fox, Esq.); (ii) counsel for the Debtors, Backenroth Frankel & Krinsky, LLP, 489 Fifth Avenue, New York, New York 10017 (Attn: Mark A. Frankel, Esq.); and (iii) the Office of the United States Trustee, 33 Whitehall Street, New York, NY 10004; and it is further

ORDERED that that in accordance with Bankruptcy Rules 2002(b) and 3017, notice of the Disclosure Statement Hearing and of the matters to be addressed thereat, and of the dates fixed herein, shall be deemed adequate and sufficient if not later than five (5) days after entry of this Order (A) a notice, substantially in the form annexed hereto as Exhibit "A" (the "<u>Notice</u>"), which form of Notice is hereby approved, is served by regular first class U.S. mail upon all creditors of record in the Debtors' estates and (B) a conformed copy of this Order, the Disclosure Statement (including the Plan and any exhibits annexed thereto), and the Notice are served by regular first class U.S. mail upon: (i) counsel for the Debtors; (ii) the Office of the United States Trustee; (iii) all entities which have filed a notice of appearance in the Debtors' Chapter 11 cases; and (iv) any party in interest who requests in writing to counsel for the Plan Proponents, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036 (Attn: Jeffrey D. Ganz, Esq. and Steven E. Fox, Esq.), a copy of the Disclosure Statement (including the Plan and any exhibits annexed thereto); and it is further

/

/

/

/

/

ORDERED that the Plan Proponents are hereby authorized and empowered to take such steps and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order, including, but not limited to, the expenditure of all sums reasonably necessary to implement the provisions hereof.

DATED:   April 18, 2012
         New York, New York.

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                        United States Bankruptcy Judge

# EXHIBIT A

RIEMER & BRAUNSTEIN LLP
Barry G. Braunstein, Esq.
Jeffrey D. Ganz, Esq.
Steven E. Fox, Esq.
Times Square Tower
Seven Times Square, Suite 206
New York, New York 10036
Tel.: (212) 789-3100
*Attorneys for Creditors,*
*62 Madison Lender, LLC and*
*Nomad Mezz Lending, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

MADISON HOTEL, LLC,

    Debtor.
---------------------------------------------------------x
In re

MADISON HOTEL OWNERS, LLC,

    Debtor.
---------------------------------------------------------x

Chapter 11
Case No. 11-12560 (MG)

Chapter 11
Case No. 11-12334 (MG)

**NOTICE OF HEARING ON APPROVAL OF DISCLOSURE STATEMENT
FILED BY 62 MADISON LENDER, LLC AND NOMAD MEZZ LENDING, LLC**

TO: ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN
   THE ABOVE-CAPTIONED DEBTORS

  PLEASE TAKE NOTICE THAT on April 18, 2012, 62 Madison Lender, LLC and Nomad Mezz Lending, LLC (the "Plan Proponents"), filed with the Court their (i) "Proposed Joint Plan of Reorganization for Madison Hotel, LLC and Madison Hotel Owners, LLC", dated April 16, 2012 (the "Plan"); and (ii) proposed disclosure statement, dated April 16, 2012 (the "Disclosure Statement") relating to the Plan.

  PLEASE TAKE FURTHER NOTICE THAT on May 24, 2012, at 11:00 a.m. (EST) at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004, a hearing (the "Disclosure Statement Hearing") will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, to consider the issuance and entry of an order,

among other things:

a. Finding that the information contained in the Disclosure Statement is "adequate information", as such term is defined under Section 1125(a)(1) of the Bankruptcy Code;

b. Approving the Disclosure Statement;

c. Authorizing the Plan Proponents, pursuant to Section 1125(b) of the Bankruptcy Code, to transmit copies of the Disclosure Statement (including any exhibits annexed thereto) and related documents to all known holders of claims against and interests in the Debtors and to solicit acceptances of the Plan from the holders of certain impaired claims against the Debtors;

d. Fixing a date by which all acceptances or rejections of the Plan must be received in order for them to be counted in the determination of whether the Plan has been accepted in accordance with Section 1126 of the Bankruptcy Code;

e. Determining that, except as otherwise provided by Court order, each claim that has been timely filed against the Debtors that is <u>not</u> the subject of an objection by the Debtors, the Committee, or other party in interest, shall be allowed, solely for the purpose of voting on the Plan, in the amount in which such claim has been filed;

f. Determining that, except as otherwise provided by Court order, a creditor holding a claim listed on the Debtors' schedules of assets and liabilities as contingent, unliquidated or disputed, which has not been superseded by a timely filed proof of claim, shall not be entitled to vote on the Plan;

g. Determining that a creditor holding a disputed claim with respect to which the Debtors or any other party in interest has filed an objection to all or part of such claim, which has not been withdrawn or resolved by final order, shall not be entitled to vote on the Plan;

h. Determining that any creditor or holder of an equity interest which is to receive no distribution under the Plan on account of its allowed equity interest, is deemed to have rejected the Plan and, therefore, is not entitled to vote on the Plan;

i. Determining that a vote of any creditor may be discarded if the Court determines that such vote was not solicited or procured in good faith and in accordance with the Bankruptcy Code;

j. Scheduling a hearing to consider confirmation of the Plan;

k. Fixing a date by which objections, if any, to confirmation of the Plan shall be filed with the Court and served upon counsel for the Plan Proponents and the Debtors, among others; and

l. Granting such other and further relief as the Court may deem just and proper.

**THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN.**

**ACCEPTANCES MAY NOT BE SOLICITED UNTIL THE DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THE DISCLOSURE STATEMENT HAS BEEN SUBMITTED TO, BUT HAS NOT YET BEEN APPROVED BY, THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE THAT the Disclosure Statement (including the Plan and any exhibits annexed thereto) is on file with the Clerk of the Bankruptcy Court at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004, and may be examined by interested parties during that office's regular business hours. A copy of the Disclosure Statement (including the Plan and any exhibits annexed thereto) is also available if a request is made in writing to the Plan Proponents, care of counsel for the Plan Proponents, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036 (Attn: Jeffrey D. Ganz, Esq. and Steven E. Fox, Esq.).

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the approval of the Disclosure Statement or any of the other relief being sought by the Plan Proponents at the Disclosure Statement Hearing must be in writing, filed with the Bankruptcy Court and served in a manner so as to be received by (i) counsel for the Plan Proponents, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, New York 10036 (Attn: Jeffrey D. Ganz, Esq. and Steven E. Fox, Esq.); (ii) counsel for the Debtors, Backenroth Frankel & Krinsky, LLP, 489 Fifth Avenue, New York, New York 10017 (Attn: Mark A. Frankel, Esq.); and (iii) the Office of the United States Trustee, 33 Whitehall Street, New York, NY 10004, on or before May 17, 2012, 2012 at 12:00 p.m. (EST).

PLEASE TAKE FURTHER NOTICE THAT upon approval of the Disclosure Statement by the Bankruptcy Court, holders of claims against and interests in the Debtors will receive a copy of the Disclosure Statement (including the Plan and all exhibits annexed thereto) and various documents related thereto.

PLEASE TAKE FURTHER NOTICE THAT the Disclosure Statement Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Disclosure Statement hearing.

Dated:  New York, New York
April __, 2012

Respectfully submitted,

RIEMER & BRAUNSTEIN LLP
*Counsel to 62 Madison Lender, LLC and Nomad Mezz Lending, LLC*

By:  */s/ Jeffrey D. Ganz*
    Barry G. Braunstein
    Jeffrey D. Ganz
    Steven E. Fox
    Times Square Tower
    Seven Times Square, Suite 206
    New York, New York 10036
    Tel.: (212) 789-3100