Sale Hearing Date: August 14, 2013 at 2:00 p.m. EST
Objection Deadline: August 7, 2013 at 5:00 p.m. EST

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Tel.: 212-479-6000
Cathy Hershcopf
Seth Van Aalten

*Counsel for Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) <br> ) <br> **MADISON HOTEL, LLC,** ) <br> ) <br> Debtor. ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 11-12560 (MG) |

**MOTION OF THE LIQUIDATING TRUSTEE, PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002, 6004, 9006 AND 9014, FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS TO ASSA PROPERTIES INC. AND GRANTING RELATED RELIEF**

Grant Lyon, in his capacity as the Liquidating Trustee (the "Liquidating Trustee") of Madison Hotel, LLC (the "Debtor"), by and through his counsel Cooley LLP, hereby submits this motion (the "Motion"), pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004, 9006, and 9014, for entry of an order (the "Sale Order"), substantially in the form annexed hereto as **Exhibit A**, approving the sale of substantially all of the Debtor's assets (the "Sale") to Assa Properties Inc. (the "Buyer"). In further support of the Motion, the Liquidating Trustee respectfully states as follows:[1]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan (defined below) and the Purchase Agreement (defined below), as applicable. A declaration of Grant Lyon in support of the relief requested herein has been filed contemporaneously with this Motion.

## BACKGROUND

1.  On May 26, 2011 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code with the Court. Pursuant to the provisions of the Bankruptcy Code and the terms of the Plan and Confirmation Order (each as defined below), the Debtor's business is being operated under the management and supervision of the Liquidating Trustee.

2.  On November 9, 2012, 62 Madison Lender, LLC (the "Plan Proponent"), a secured creditor in the Debtor's Chapter 11 case, filed that *Proposed Second Modified Third Amended Plan of Reorganization For Madison Hotel, LLC* (D.I. No. 137) (the "Plan") and *Proposed Second Modified Third Amended Disclosure Statement* (D.I. No. 138). The fundamental premise of the Plan is the maximization of value through a post-confirmation marketing process by which the hotel property known as the "MAve Hotel" located at 62 Madison Avenue, New York, New York 10016 and all of the Debtor's other real and personal property (collectively, the "Hotel Property") could be sold to the highest or otherwise best bidder with the proceeds of the Sale to be distributed amongst the Debtor's creditors in accordance with the Plan.

3.  The Plan Proponent and the Liquidating Trustee entered into a Purchase and Sale Agreement (the "Stalking Horse Agreement") on the Effective Date of the Plan and the Plan Proponent agreed to serve as a "stalking horse" bidder for the Hotel Property for an aggregate purchase price of $23,000,000 (payable in the form of a credit bid), subject to the Liquidating Trustee's post-confirmation solicitation of higher or better offers for the Hotel Property (the "Sale Process") in accordance with the Qualification and Bidding Procedures (the "Bid Procedures") approved by the Court in the Confirmation Order (defined below).

4. In order to facilitate the Sale Process, the Plan constituted and incorporated a motion by the Debtor, in accordance with section 365 of the Bankruptcy Code, to assume those executory contracts and unexpired leases designated for assignment by the Plan Proponent in the Plan Supplement (defined below).

5. On March 15, 2013, the Plan Proponent filed that *Plan Supplement* (D.I. No. 181) (the "Plan Supplement"), pursuant to which the Plan Proponent (i) identified the list of executory contracts and unexpired leases to be assumed by the Debtor and assigned to the Plan Proponent under the Stalking Horse Agreement (the "Assumed Contracts and Leases") and (ii) identified Grant Lyon of Odyssey Capital Group LLC, as the Liquidating Trustee.

6. On May 8, 2013, the Court entered that *Order Confirming Second Modified Third Amended Plan of Reorganization for Madison Hotel, LLC Submitted By 62 Madison Lender, LLC* (the "Confirmation Order") (D.I. No. 218). The Confirmation Order provides, *inter alia*, that upon the Effective Date of the Plan, the Liquidating Trustee is vested with all requisite rights and powers to exercise possession and control over all of the Debtor's rights, title and interests in and to the Hotel Property. The Effective Date of the Plan occurred on or about May 23, 2013.

7. The Plan and Confirmation Order provide for, *inter alia*, (i) the assumption of the Assumed Contracts and Leases as of the Effective Date of the Plan and their assignment to the Plan Proponent or its designee and (ii) the rejection of any and all executory contracts and unexpired leases of the Debtor that are not Assumed Contracts and Leases. All executory contract and unexpired lease counterparties asserting cure claims under section 365 of the Bankruptcy Code were required to file such claims with the Bankruptcy Court not later than seven (7) days prior to the Confirmation Hearing. No such claims were filed. The Plan

Proponent has named the Buyer its designee for purposes of assigning to the Buyer the Assumed Contracts and Leases upon the Closing.

8. In furtherance of the Sale Process, Savills, LLC ("Savills") was engaged as the Liquidating Trustee's exclusive real estate advisor to market the Hotel Property. Approximately 3,843 potential investors were approached by Savills during the course of the Sale Process; approximately 127 parties signed confidentiality agreements with the Liquidating Trustee to conduct due diligence concerning the Hotel Property; and approximately 15 parties toured the Hotel. Three Qualified Bids were submitted for the purchase of the Hotel Property.

9. Following an Auction conducted by the Liquidating Trustee that concluded on June 21, 2013, the Liquidating Trustee, in consultation with the Plan Proponent, identified (a) the bid submitted by the Buyer pursuant to the Purchase and Sale Agreement annexed hereto as **Exhibit B** (the "Purchase Agreement") as the highest and best offer presented (the "Winning Bid") and (b) the Stalking Horse Agreement as the next best offer presented (the "Back-Up Bid").

10. The material terms of the Winning Bid are as follows:

- Purchase Price of **$28,800,000**;
- Assignment of the Assumed Contracts and Leases; and
- No closing contingencies or departures from the material terms of the Stalking Horse Agreement, other than (i) the Deposit Agreement (as defined below) and (ii) a Closing Date of sixty (60) days following entry of the Sale Order (the "60-Day Closing").

11. The Stalking Horse Agreement provides that within one business day of execution, an earnest money deposit equal to 10% of the Purchase Price shall be placed in

4

escrow and credited against the Purchase Price at closing. At the Buyer's request, and as set forth in Section 2.1.1 of the Purchase Agreement, the Liquidating Trustee, in consultation with the Plan Proponent, has agreed to modify this requirement as follows (the "Deposit Agreement"):

> 2.1.1 Earnest Money. Prior to the date hereof, Buyer deposited into escrow with Regal Abstract Corp. d/b/a Regal Title Agency, an independent escrow agent, in immediately available funds, the sum of $750,000 (the "**First Deposit**"), which shall be applied toward the Purchase Price. Contemporaneously with the execution of this Agreement, Buyer and Seller executed that Escrow Agreement, dated July 1, 2013 ("**Escrow Agreement**"), among Seller, Buyer and Madison Title Agency, an independent escrow agent ("**Escrow Agent**"). Within four (4) business days after execution of this Agreement, Buyer will deposit with Escrow Agent an additional $690,000 (the "**Second Deposit**") and Seller shall direct the First Deposit to be transferred to the Escrow Agent. Within ten (10) business days of notice from Seller of Bankruptcy Court Approval (as defined herein), Buyer will deposit with Escrow Agent an additional $1,440,000 (the "**Third Deposit**" and collectively with the First and Second Deposit, the "**Earnest Money**"); provided, however, that in the event that Bankruptcy Court Approval is not obtained within ninety (90) days of the date that Buyer and Seller execute this Agreement, then, at Buyer's election, this Agreement shall be null and void, Buyer shall have no obligation to fund the Third Deposit, and Escrow Agent shall promptly return to Buyer the full amounts of the First and Second Deposits. If Bankruptcy Court Approval is obtained within ninety (90) days of the date that Buyer and Seller execute this Agreement, Buyer shall then have sixty (60) days following Bankruptcy Court Approval to Close as provided herein. In the event that Buyer fails to Close within such sixty-day (60 day) period, the Escrow Agent shall dispose of the Earnest Money pursuant to Section 17 or 18 hereof, as applicable.[2] Except as provided otherwise herein, the Earnest Money shall be non-refundable to Buyer, and shall be held by the Escrow Agent pursuant to the terms of this Agreement and the Escrow Agreement. Buyer may replace the First, Second and/or Third Deposits with a letter of credit reasonably satisfactory to Seller.

12.  The Bid Procedures provide that the Liquidating Trustee may seek the Court's approval of the Winning Bid at a hearing to be conducted within ten (10) days after the Auction.

---

[2] Section 17 includes a liquidated damages provision capping Buyer's liability for a Default under the Purchase Agreement at the Earnest Money required to be on deposit with the Escrow Agent at the time of such Default as provided in Section 2.1.1. Section 18 concerns the Buyer's remedies upon a breach by Seller.

## JURISDICTION

13. The Court has jurisdiction over this matter pursuant pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

14. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

15. The bases for the relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 9006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 6004-1 and 9006-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules"), and General Order M-383 of the Bankruptcy Court for the Southern District of New York ("General Order M-383").

## RELIEF REQUESTED

16. The Plan and Confirmation Order authorize the Liquidating Trustee to sell the Hotel Property free and clear of all liens, claims and encumbrances on the terms and conditions set forth in the Stalking Horse Agreement, subject to higher or otherwise better offers solicited by the Liquidating Trustee in accordance with the Bid Procedures. Accordingly, the Liquidating Trustee now seeks: (i) pursuant to section 363(f) of the Bankruptcy Code, authorization to sell the Hotel Property, free and clear of all liens, claims, and encumbrances, to Buyer on the terms and conditions set forth in the Purchase Agreement (which does not include any contingencies or material departures from the Stalking Horse Agreement other than the Deposit Agreement and the 60-Day Closing);[3] (ii) a finding that the Buyer is a good-faith purchaser entitled to the

---

[3] Recognizing that the free and clear sale of the Hotel Property to the Plan Proponent (subject to higher or otherwise better bids) was approved in the Plan and Confirmation Order, the Liquidating Trustee seeks authority to sell the Hotel Property to the Buyer pursuant to sections 363(f) of the Bankruptcy Code in an abundance of caution.

protections of section 363(m) of the Bankruptcy Code; and (iii) the typical sale-related relief set forth in the proposed Sale Order annexed hereto as Exhibit A.

      **A.**    **Sale of the Hotel Property Free and Clear of Liens, Claims, and Encumbrances**

17.    Pursuant to Bankruptcy Code section 363(f), a debtor in possession may sell property of the estate:

> free and clear of any interest in such property of an entity other than the estate if (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11 U.S.C. § 363(f).

18.    The Liquidating Trustee believes that, pursuant to the Purchase Agreement, one or more of the tests of Bankruptcy Code section 363(f) are satisfied with respect to the transfer of the Hotel Property. In particular, the Liquidating Trustee has met, among others, the test set forth in section 363(f)(5) of the Bankruptcy Code. Any parties in interest that assert liens, claims, encumbrances or other interests in, to or against the Hotel Property will be adequately protected by having their liens, if any, attach to the proceeds of the Sale, in the same order of priority, with the same validity, force and effect that such parties had prior to the Sale, subject to any claims and defenses that the Debtor and its estate may possess with respect thereto. The Liquidating Trustee has also met the test set forth in section 363(f)(2) because the Plan Proponent consents to the consummation of the Purchase Agreement and distribution of Sale proceeds in accordance with the Plan and Confirmation Order. Accordingly, section

7

363(f) of the Bankruptcy Code authorizes the transfer and conveyance of the Hotel Property free and clear of all liens, claims, encumbrances and all other interests.

19. The Liquidating Trustee also submits that it is appropriate to sell the Hotel Property free and clear of successor liability relating to the Debtor's business. Such a provision ensures that the Buyer is protected from any claims or lawsuits premised on the theory that it is a successor in interest to the Debtor. Courts have consistently held that a buyer of a debtor's assets pursuant to section 363 of the Bankruptcy Code takes free from successor liability relating to the debtor's business. *See*, *e.g.*, *MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 837 F.2d 89, 93-94 (2d Cir. 1988) (holding that channeling of claims to proceeds is consistent with intent of sale free and clear under Bankruptcy Code section 363(f)); *In re Chrysler LLC*, 405 B.R. 84, 111 (Bankr. S.D.N.Y. 2009).

B. **Protections as a Good Faith Purchaser**

20. Bankruptcy Code section 363(m) protects a good-faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal. Specifically, Bankruptcy Code section 363(m) states that:

> The reversal or modification on appeal of an authorization under [section 363(b)] ... does not affect the validity of a sale ... to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale ... were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) of the Bankruptcy Code "affords 'finality to judgment by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids.'" *Reloeb Co. v. LTV Corp* (*In re Chateaugay Corp.*), No. 92 Civ. 7054 (PKL), 1993 WL 159969, at *3 (Bankr. S.D.N.Y. May 10, 1993) (quoting *In*

8

*re Stadium Mgmt. Corp.*, 895 F.2d 845, 847 (1st Cir. 1990)); *see also Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal"); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("pursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

21. The Second Circuit has indicated that a party would have to show fraud or collusion between the buyer and the debtor in possession or trustee or other bidders in order to demonstrate a lack of good faith. *See Kabro Assocs. of W. Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a [buyer]'s good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders"); *see also In re Angelika Films 57th, Inc.*, Nos. 97 Civ. 2239 (MBM), 97 Civ. 2241 (MBM), 1997 WL 283412, at *7 (Bankr. S.D.N.Y. 1997) (same; holding that purchaser's status as an insider was not *per se* bad faith).

22. Here, the Buyer engaged in the Auction pursuant to the Bid Procedures and the Purchase Agreement is the product of arm's-length, good-faith negotiation in a competitive bidding process. Indeed, and to that end, the Liquidating Trustee included a form asset purchase agreement for bidders to use that was formulated by the Plan Proponent, annexed to the Plan and approved by the Court, to ensure that all parties began the process on a level playing field. Accordingly, the Liquidating Trustee requests a finding that the Buyer is a good-faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.

2039252 v4/NY

### C. Request for Relief Pursuant to Bankruptcy Rule 6004(h)

23. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

24. Although the Purchase Agreement provides for the 60-Day Closing, the Liquidating Trustee believes that it is important to have flexibility to close the transaction earlier to the extent mutually desired by the Buyer and the Liquidating Trustee. Accordingly, the Liquidating Trustee requests that the Sale Order approving the Sale of the Hotel Property be effective immediately upon entry of such order and that the fourteen-day stay under Bankruptcy Rule 6004(h) be waived.

### NOTICE

25. The Liquidating Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Plan Proponent; (c) the Buyer; (d) the Debtor; (e) the creditors identified on the Claims Register and the Debtors' Schedules and Statement of Financial Affairs; (f) the non-Debtor parties to the Assumed Contracts and Leases; and (g) all other parties having filed a request for service in the Debtor's Chapter 11 case. In light of the nature of the relief requested, the Liquidating Trustee respectfully submits that no further notice is necessary.

2039252 v4/NY

WHEREFORE, the Liquidating Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as is just, proper and equitable.

Dated:   July 26, 2013
         New York, New York

/s/ Cathy R. Hershcopf
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Tel.: 212-479-6000
Cathy Hershcopf
Seth Van Aalten

*Counsel for the Liquidating Trustee*