UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **MADISON HOTEL, LLC,** | ) |
| | ) Case No. 11-12560 (MG) |
| **Debtor.** | ) |
| | ) |
| | ) |

**ORDER GRANTING MOTION OF THE LIQUIDATING TRUSTEE, PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002, 6004, 9006 AND 9014, FOR ENTRY OF AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS TO ASSA PROPERTIES, INC.
AND GRANTING RELATED RELIEF**

Upon the motion dated July 26, 2013 (the "Motion")[1] of Grant Lyon, as the Liquidating Trustee (the "Liquidating Trustee") of Madison Hotel, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004, 9006 and 9014, for entry of an order (i) authorizing the Liquidating Trustee to enter into the Purchase and Sale Agreement, dated as of July 1, 2013 (including all ancillary documents executed in connection therewith, the "Purchase Agreement"), a true and correct copy of which is annexed hereto as **Exhibit A** and incorporated herein by reference as if fully set forth in this Order, by and between the Liquidating Trustee and Assa Properties Inc. ("Buyer"), and (ii) granting certain related relief, and the Declaration of Grant Lyon, dated July 26, 2013, filed in support of the Motion; and the Court having previously authorized and approved, *inter alia*, the sale of substantially all of the Debtor's assets and the assumption and assignment of the Assumed Contracts and Leases to the Plan Proponent or its designee pursuant to that *Order Confirming Second Modified Third Amended Plan of*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Reorganization for Madison Hotel, LLC Submitted By 62 Madison Lender, LLC* (the "Confirmation Order") (D.I. No. 218); and the Court having determined that due notice of the Motion and the Sale Hearing, and a reasonable opportunity to object or be heard with respect to the Motion having been given to the proper parties; and the Court having heard statements of counsel and the evidence presented in support of the relief requested by the Liquidating Trustee at the Sale Hearing; and the Buyer having submitted the highest or otherwise best offer in the form of the Purchase Agreement; and all objections having been withdrawn or overruled as set forth below; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, stakeholders and other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon,

**THE COURT HEREBY FINDS AND DETERMINES THAT:[2]**

    **A.**    **Jurisdiction and Venue**

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    **B.**    **Final Order**

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004, and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

### C.    Statutory Predicates

The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006 and 9014 and Rule 6004-1 of the Local Bankruptcy Rules.

### D.    Notice of Sale Hearing

Notwithstanding the applicability of Bankruptcy Rules 2002(a)(2) and 9006(f) and Local Bankruptcy Rule 9006-1(b), and pursuant to the Sale Timeline set forth in the Bid Procedures previously approved by the Court pursuant to the Confirmation Order, which provides that a hearing to consider a sale of the Hotel Property to a party other than the Plan Proponent may be held ten (10) days after the Auction, proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing, and a reasonable opportunity to object or be heard with respect to the Motion, has been provided for and upon the following parties, all in accordance with section 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006 and 9014 and Local Bankruptcy Rule 9006-1(b): (a) the Office of the United States Trustee for the Southern District of New York; (b) the Plan Proponent; (c) the Buyer; (d) the Debtor; (e) the creditors identified on the Claims Register and the Debtors' Schedules and Statement of Financial Affairs; (f) the non-Debtor parties to the Assumed Contracts and Leases; and (g) all other parties having filed a

request for service in the Debtor's Chapter 11 case. The foregoing notice was good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion and the Sale Hearing is required.

  E.  **Good Faith of the Buyer**

The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code section 101(31). The Buyer is purchasing the Hotel Property in good faith and has proceeded in good faith in all respects in connection with this proceeding in that: (a) the Buyer recognized that the Liquidating Trustee was free to deal with any other party interested in acquiring the Hotel Property; (b) the Buyer complied in all respects with the provisions of the Confirmation Order and the Bid Procedures; (c) the Buyer agreed to subject its bid to the competitive bid procedures set forth in the Bid Procedures; (d) all payments to be made by the Buyer in connection with the Sale have been disclosed; (e) no common identity of directors, officers or controlling stockholders exists among the Buyer and the Debtor; (f) the negotiation and execution of the Purchase Agreement was at arm's-length and in good faith, and at all times each of the Buyer and the Liquidating Trustee were represented by competent counsel of their choosing; (g) the Buyer did not in any way induce or cause the Debtor's chapter 11 filing; and (h) the Buyer has not acted in a collusive manner with any person. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision.

  F.  **Corporate Authority**

4

Pursuant to the Plan and the Confirmation Order, the Liquidating Trustee (i) has full corporate power and authority to execute the Purchase Agreement, (ii) has all of the corporate power and authority necessary to consummate the Sale, and (iii) does not require any government, regulatory or other consents or approvals, other than those expressly provided for in the Purchase Agreement, to enter into the Purchase Agreement and consummate the Sale.

### G.     Highest And Best Offer

The Buyer's bid for the Hotel Property, as memorialized in the Purchase Agreement, constitutes the highest and best offer received for the Hotel Property. The Liquidating Trustee conducted the Auction in accordance with, and has otherwise complied in all respects with, the Bid Procedures. The Liquidating Trustee engaged in a reasonable and appropriate marketing of the Hotel Property. Potential bidders had a full, fair and reasonable opportunity to conduct due diligence, submit bids and the Liquidating Trustee considered any and all bids submitted before the bid deadline set forth in the Bid Procedures. The Auction conducted by the Liquidating Trustee afforded a full, fair and reasonable opportunity for any person to make a higher or otherwise better offer to purchase the Hotel Property. The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner in accordance with the Bid Procedures. At the conclusion of the Auction, the Purchase Agreement was selected as the Winning Bid. The Liquidating Trustee's determination (in consultation with the Plan Proponent) that the Purchase Agreement constitutes the best offer for the Hotel Property constitutes a valid and sound exercise of the Liquidating Trustee's business judgment.

### H.     No Fraudulent Transfer

The consideration provided by the Buyer pursuant to the Purchase Agreement for its purchase of the Hotel Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and under the laws of the United States, any state, territory, possession or the District of Columbia. The Buyer is not a mere continuation, and is not holding itself out as a mere continuation, of the Debtor or its estate and there is no continuity between the Buyer and the Debtor. The Sale does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtor. The Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code, under the laws of the United States, any state, territory, possession, the District of Columbia or any foreign country. Neither the Liquidating Trustee nor the Buyer is entering into the transaction contemplated by the Purchase Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

**I.    Validity of Transfer**

The transfer of the Hotel Property to the Buyer pursuant to the terms of this Order and the Purchase Agreement will be a legal, valid and effective transfer of the Hotel Property, and will vest the Buyer with all right, title and interest of the Debtor to the Hotel Property, free and clear of any and all liens, claims, encumbrances or other interests in, to or against the Hotel Property or the Debtor (collectively, "<u>Seller Liabilities</u>") pursuant to section 363 of the Bankruptcy Code.

**J.    Section 363(f) is Satisfied**

The Hotel Property constitutes property of the Debtor's estate and title thereto is currently vested in the Debtor's estate within the meaning of Bankruptcy Code section 541(a). The Liquidating Trustee may sell the Hotel Property free and clear of all Seller Liabilities, except as may be provided in the Plan, the Purchase Agreement and related documents, because one or more of the standards set forth in section 1129(a) of the Bankruptcy Code (incorporating, *inter alia*, section 363(f)(1)–(5) of the Bankruptcy Code), as and to the extent required and applicable, has been satisfied with regard to each such lien, claim or encumbrance. As a result of this Court's confirmation of the Plan, holders of any liens, claims, or encumbrances in, to or against the Hotel Property (each, a "<u>Claimholder</u>") are deemed to have consented to the Sale. All such Claimholders are adequately protected by having their liens, claims and encumbrances, if any, provided for in the manner described under the Plan. The Buyer would not have entered into the Purchase Agreement and would not consummate the Sale unless the Hotel Property was free and clear of all Seller Liabilities of any kind or nature whatsoever, or if the Buyer would, or in the future could, be liable for any such liabilities, including but not limited to any and all state or city transfer taxes pursuant to section 1146(a) of the Bankruptcy Code.

**K.    Avoidance and Successor Liability**

The transfer of the Hotel Property (including any individual elements of the Sale) to the Buyer does not, and will not, subject the Buyer to any liability whatsoever, with respect to the operation of the Debtor's business prior to the closing of the Sale or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity

7

including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.

### L.     Assumption and Assignment

The Plan and Confirmation Order provide for, *inter alia*, (i) the assumption of the Assumed Contracts and Leases as of the Effective Date of the Plan and their assignment to the Plan Proponent or its designee (including, for these purposes, the Buyer) and (ii) the rejection of any and all executory contracts and unexpired leases of the Debtor that are not Assumed Contracts and Leases. All executory contract and unexpired lease counterparties asserting cure claims under section 365 of the Bankruptcy Code were required to file such claims with the Bankruptcy Court not later than seven (7) days prior to the Confirmation Hearing. No such claims were filed. The Plan Proponent has agreed to name the Buyer its designee for purposes of assigning to the Buyer the Assumed Contracts and Leases upon entry of this Order.

### M.     Legal and Factual Bases

The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     <u>Motion</u>.  The relief requested in the Motion is granted and approved to the extent provided herein.

2.     <u>Objections</u>. The objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, if any, are hereby overruled on the merits, except as explicitly provided herein.

3. <u>Approval of Purchase Agreement</u>. The Purchase Agreement and all other ancillary documents, and all of the terms and conditions of each, and the Sale are hereby approved. Pursuant to the Plan and the Confirmation Order, the Liquidating Trustee is authorized and directed to take any and all actions necessary or appropriate to (i) consummate the Sale to the Buyer pursuant to and in accordance with the terms and conditions of the Plan, the Confirmation Order, the Purchase Agreement and this Order, (ii) close the Sale as contemplated in the Plan, the Confirmation Order, the Purchase Agreement and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the transactions contemplated by the Purchase Agreement and this Order, together with all additional instruments, adjustments, documents or otherwise that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale. The Buyer and the Liquidating Trustee shall have no obligation to close the Sale except as contemplated and provided for in the Purchase Agreement. This Order and the Purchase Agreement shall be binding in all respects upon the Liquidating Trustee, the Liquidation Trust, the Debtor, its estate, all creditors (whether known or unknown) and holders of equity interests in the Debtor, any holders of liens, claims or encumbrances against or on all or any portion of the Hotel Property, the Buyer, all non-Debtor counterparties to the Assumed Contracts and Leases, including all of the successors and assigns of the foregoing, and any subsequent trustee or trustee appointed in the Debtor's chapter 11 case or upon conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection. This Order and the Purchase Agreement shall inure to the benefit of the Liquidation Trust, the Debtor, its estate, creditors, and the Buyer, including all of the successors and assigns of the foregoing.

4. <u>Transfer of the Hotel Property</u>. Pursuant to the Plan, the Confirmation Order, and section 1129(a) of the Bankruptcy Code (incorporating for these purposes sections 105 and 363 of the Bankruptcy Code) and the terms of this Order and the Purchase Agreement, the Liquidating Trustee is authorized and directed to transfer the Hotel Property to the Buyer free and clear of all Seller Liabilities. Upon the Closing Date, the Buyer shall take title to and possession, ownership, direction and control of the Hotel Property, and such transfer shall constitute an unconditional legal, valid, binding and effective transfer of the Hotel Property, and shall be free and clear of all Seller Liabilities, with all such liabilities to be treated and accounted for as provided for in the Plan and the Confirmation Order, subject to any claims and defenses that the Debtor and its estate may possess with respect thereto. Except as expressly permitted or otherwise specifically provided by the Plan, the Confirmation Order, the Purchase Agreement or this Order, all person(s) holding liens, claims or encumbrances in or to the Hotel Property arising under or out of, in connection with, or in any way relating to the Debtor or the Hotel Property, prior to the transfer of the Hotel Property to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer any Seller Liabilities in the Hotel Property. Upon the Closing Date, each creditor is directed to execute such documents and take all other actions as may be necessary or desirable to release Seller Liabilities in the Hotel Property, if any, as provided for herein, as such interests may have been recorded or may otherwise exist. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Hotel Property to the Buyer. Each and every federal, state, local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to

10

consummate the transactions contemplated by the Purchase Agreement. All persons are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Liquidating Trustee to sell and transfer the Hotel Property to the Buyer in accordance with the terms of the Purchase Agreement. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel the Seller Liabilities. Except as otherwise provided in the Purchase Agreement, the Hotel Property shall be sold, transferred and delivered to the Buyer on an "as is, where is" or "with all faults" basis. If any person that has filed statements or other documents or agreements evidencing Seller Liabilities in or to the Hotel Property shall not have delivered to the Liquidating Trustee prior to the closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Seller Liabilities which the person has or may assert with respect to the Hotel Property, the Liquidating Trustee is hereby authorized and directed, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person with respect to the Hotel Property. This Order is and shall be binding upon and govern the acts of all persons, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons is hereby directed to accept for filing any and all of the documents and instruments

11

necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement. For all purposes the Sale is deemed to have occurred under and in accordance with the Plan and, as such, is entitled to the safe harbor provided for under section 1146(a) of the Bankruptcy Code.

        5.      <u>Free and Clear</u>. Except as otherwise provided for in the Purchase Agreement, on the Closing Date and concurrently with the delivery of the Purchase Price, all then existing or thereafter arising Seller Liabilities of, against or created by the Debtor or its bankruptcy estate, to the fullest extent permitted by section 363 of the Bankruptcy Code, shall be fully released from and with respect to the Hotel Property and thereupon shall be treated and accounted for as provided for in the Plan and the Confirmation Order. For the avoidance of doubt, the Hotel Property transferred to the Buyer shall be made free and clear of any and all transfer taxes pursuant to section 1146 of the Bankruptcy Code. On the Closing Date, the Hotel Property shall be transferred to the Buyer to the fullest extent permitted by the Plan and the Confirmation Order, free and clear of all Seller Liabilities, whether arising by statute or otherwise and whether arising before or after the commencement of the Chapter 11 Case, whether known or unknown, including, but not limited to, Seller Liabilities of or asserted by any of the creditors, vendors, employees, suppliers, or lessors of the Debtor or any other third party. Except as set forth in the Plan, the Confirmation Order, and the Purchase Agreement, neither the Liquidating Trustee, the Liquidation Trust nor the Debtor will subject the Buyer to any liability for any Seller Liabilities whatsoever, including, without limitation, statutory claims, that any third party may have against the Debtor with respect to the operation of the Debtor's business prior to the closing of the Sale or by reason of such transfer under the laws of the United States, any state, territory, or

possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.  All persons and entities asserting or holding any Seller Liabilities in or with respect to the Hotel Property, howsoever arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Seller Liabilities against the Buyer.  Subject to the Seller Liabilities attaching to the proceeds of the Sale, this Sale Order shall be effective as a determination that, as of the Closing, all Seller Liabilities of any kind or nature whatsoever existing as to the Hotel Property prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected.  Following the Closing, no holder of any Seller Liabilities in the Hotel Property shall interfere with the title of the Buyer to or use and enjoyment of the Hotel Property.  Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept for recordation this Sale Order, and any and all documents or instruments necessary or appropriate to effectuate the transactions contemplated by this Sale Order and the Purchase Agreement, as conclusive evidence of the free and clear and unencumbered transfer of title to the Hotel Property conveyed to the Buyer.

7.     <u>Surrender of Assets</u>.  All entities who are presently, or who as of the Closing may be, in possession of some or all of the Hotel Property hereby are directed to surrender possession of the Hotel Property to the Buyer as of the Closing.  At the Closing and subject to the Seller Liabilities attaching to the proceeds of the Sale as provided for in this Sale Order, each of the Debtor's creditors is authorized and directed to execute such documents and take all other

13

actions as may be reasonably necessary to release their respective Seller Liabilities in the Hotel Property, if any, as such Seller Liabilities may have been recorded or may otherwise exist.

8.      No Successor Liability.  The Buyer is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Buyer shall not assume, or be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate with respect to the Hotel Property or otherwise, including, but not limited to, under any bulk sales law, doctrine or theory of successor liability, or similar theory or basis of liability except for the assumption of the Purchase Agreement and any documents related thereto.  Except to the extent of the Assumed Contracts and Leases, neither the purchase of the Hotel Property by the Buyer nor the fact that the Buyer is using the Hotel Property previously operated by the Debtor will cause the Buyer to be deemed a successor in any respect to the Debtor's business or incur any liability derived therefrom within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including, without limitation, filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine.  The Buyer has given substantial consideration under the Purchase Agreement, which consideration shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Buyer and which shall be deemed to have been given in favor of the Buyer by all holders of Seller Liabilities in or against the Debtor or the Hotel Property.  Upon consummation of the Sale and except to the extent of the Assumed Contracts and Leases, the Buyer shall not be deemed to (a) be the successor to the Debtor, (b) have, de facto or otherwise, merged with or into the Debtor, or (c) be a mere continuation, alter

14

ego or substantial continuation of the Debtor. Except to the extent the Buyer otherwise specifically agreed in the Purchase Agreement or this Order, the Buyer shall not have any liability, responsibility or obligation for any claims, liabilities or other obligations of the Debtor or its estate, including without limitation, any claims, liabilities or other obligations related to the Hotel Property prior to Closing. Under no circumstances shall the Buyer be deemed a successor of or to the Debtor for any Seller Liabilities against, in or to the Debtor or the Hotel Property. Notwithstanding the foregoing, nothing in this Order or the Purchase Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order. Nothing contained in this Order or in the Purchase Agreement shall in any way (i) diminish the obligation of any entity to comply with environmental laws, or (ii) diminish the obligations of the Debtor to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code. Nothing in this paragraph should be construed to (i) create for any governmental unit or any other party any substantive right that does not already exist under applicable law; or (ii) deem the Buyer as the successor to the Debtor under any state law successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties for days of violation prior to the entry of this Order. For the purposes of this Section 8, all references to the Buyer shall include the Buyer's affiliates and subsidiaries.

9. <u>Good Faith</u>. The transactions contemplated by the Purchase Agreement are undertaken by the Buyer without collusion and in good faith, as that term is defined in section

15

363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and consummation of the Sale are duly and properly stayed pending such appeal. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. The consideration provided under the Purchase Agreement is fair and reasonable and the Sale may not be avoided under Bankruptcy Code section 363(n).

10. <u>Use and Application of Sale Proceeds</u>. The use and application of the proceeds from the sale of the Hotel Property (and any other cash or other proceeds payable under the Purchase Agreement on the date such amounts become payable thereunder) shall be subject to the terms and conditions of the Plan and Confirmation Order in all respects. Subject to the Liquidating Trustee's reservation of net distributable Hotel Property Sale Proceeds (as defined in the Plan) to pay, *inter alia*, (i) any additional interest and/or professional fees incurred during the Supplemental Period (as defined in the Confirmation Order) alleged by the Plan Proponent to be due and owing; (ii) quarterly fees required to be paid to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), (iii) accrued and estimated Professional fees and expenses, (iv) Disputed Claims (as defined in the Plan), if any, to the extent such claims become Allowed Claims pursuant to and in accordance with the provisions of the Plan and the Confirmation Order, and (v) costs incident to the wind-down of the Debtor's estate, the dissolution of the Debtor and the entry of a final decree closing the Debtor's chapter 11 case, the Liquidating Trustee shall, pursuant to and in accordance with the Plan and Confirmation Order, distribute $24,371,284.44 (the amount of the Allowed Amended 62 Madison Secured Claim (as defined in the

Confirmation Order), which claim remains subject to subsequent amendment and allowance as provided in the Confirmation Order) of the net distributable Hotel Property Sale Proceeds and, to the extent necessary and available, Hotel Cash on Hand (as defined in the Plan), to the Plan Proponent within one (1) Business Day of the Closing Date under the Purchase Agreement.

11. <u>Back-Up Bidder</u>. 62 Madison Lender LLC (the "<u>Back-Up Bidder</u>") has been deemed the Back-Up Bidder for the Hotel Property. In the event the Buyer fails to close and consummate the Sale, the Liquidating Trustee shall instead sell the Hotel Property to the Back-Up Bidder in accordance with the terms of the Stalking Horse Agreement approved by the Court pursuant to the Confirmation Order, without any further order of the Court; all references in this Order to the Buyer, the Hotel Property, and the Purchase Agreement shall in all regards be understood to refer to the Back-Up Bidder.

12. <u>Binding Offer</u>. This Order and the Purchase Agreement shall be binding on and govern the acts of all persons and entities, including, without limitation, the Debtor, the Liquidating Trustee and the Buyer, their respective successors and permitted assigns, including, without limitation, any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, and all creditors of the Debtor (whether known or unknown), including the conduct of all such federal, state, and local government agencies or departments, including any filing agents, filing officers, title agents, recording agencies or offices, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title in or to the Hotel Property. Notwithstanding anything to the contrary contained herein, the Confirmation Order, the Bid Procedures and the

Purchase Agreement remain in full force and effect and shall be binding on the Liquidating Trustee and the Buyer in all respects.

13. <u>Order Immediately Effective</u>. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry and the Liquidating Trustee and the Buyer are authorized (but not directed) to close the Sale immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

14. <u>Bulk Sales Law</u>.  No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

15. <u>Non-Severability</u>.  The provisions of this Order are non-severable and mutually dependent. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

16. <u>Modification</u>.  The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented in any non-material way by the parties thereto, in writing signed by both parties, expressly stating that such instrument is intended to amend, modify or supplement the Purchase Agreement any related agreements, documents or other instruments, and in accordance with the terms thereof, without further order of this Court.

17. <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction to, among other things (a) interpret, implement and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor and/or the Liquidating

18

Trustee is a party, (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale and (c) protect the Buyer against (i) any of the Debtor's liabilities or (ii) any Seller Liabilities against, in or to the Hotel Property, of any kind or nature whatsoever, which attach to the proceeds of the Sale of the Hotel Property; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Purchase Agreement or this Order, such abstention, refusal to exercise, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

18.     Governing Documents.  To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in this Chapter 11 case, the terms of this Order shall govern. To the extent there are any inconsistencies between the terms of this Order and the Purchase Agreement, the terms of this Order shall control.

Dated: August 14, 2013
       New York, New York

                                        _____/s/Martin Glenn_____
                                             MARTIN GLENN
                                        United States Bankruptcy Judge

**Exhibit A**

**Purchase Agreement**